## IN THE UNITED STATES DISRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA PEOPLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-2468 |
| | ) |
| DG RETAIL, LLC, | ) |
| | ) |
| Defendant. | ) |

### NOTICE OF REMOVAL

COMES NOW Defendant DG Retail, LLC, by and through its undersigned attorney, Jeffrey A. Kopis of Jerome, Salmi & Kopis, LLC, and hereby files its Notice of Removal, stating the following:

1. A civil action has been commenced and is now pending in the Circuit Court of Jefferson County, State of Illinois, Case No. 2022-LA-29, wherein Barbara Peoples is the Plaintiff and DG Retail, LLC is the Defendant. (A copy of the Complaint at Law is attached hereto and incorporated herein as Defendant's Exhibit A.)

2. The action is a civil action wherein Plaintiff pleads damages for personal injuries because of Defendant's alleged negligence in connection with a fall occurring on August 27, 2020.

3. Defendant, DG Retail, LLC was served a copy of the initial pleading on or about August 17, 2022.

4. This action is a civil action, of which the United States District Court has original jurisdiction pursuant to 28 U.S.C. §1332 and is one which may be removed to this Court by Defendant DG Retail, LLC, pursuant to 28 U.S.C. §1441, in that this is a civil action or proceeding involving diversity of citizenship.

5. Plaintiff Barbara Peoples is a citizen of Illinois.

6. Defendant DG Retail, LLC is a Single Member LLC formed under the laws of the State of Tennessee.

7. The Single Member and Owner of DG Retail, LLC is Dolgencorp of Texas, Inc.

8. Dolgencorp of Texas, Inc is a C Corporation incorporated in the State of Kentucky.

9. Dolgencorp of Texas, Inc., has its principal place of business in the State of Tennessee.

10. Since Dolgencorp of Texas, Inc., is incorporated in the State of Kentucky and has its principal place of business in the State of Tennessee, then Dolgencorp of Texas, Inc., for diversity purposes, is a Citizen of the State of Tennessee and a Citizen of the State of Kentucky.

11. Since Dolgencorp of Texas, Inc is both a Citizen of the State of Kentucky and the State of Tennessee and it is the sole member and owner of Defendant DG Retail LLC, then Defendant, DG Retail, LLC, is both a Citizen of the State of Kentucky and a Citizen of the State of Tennessee. (Copeland v. Penske Logistics, LLC, 675 F.3d 1040, 1043 (7th Cir. 2012) ("a limited liability company's citizenship includes every state of which any unit holder is a citizen").

12. Therefore, there is complete diversity of citizenship between the Plaintiff, Barbara Peoples, and the Defendant.

13. Plaintiff prayed in her ad damnum of her Complaint at Law that she was seeking a sum not exceeding $50,000.00 which is why Defendant did not seek to remove the case within the time for filing its answer.

14. Defendant served Plaintiff a Request for Admissions pursuant to Illinois Supreme Court Rule 216 on September 15, 2022.

15. The Request for Admissions asked to the Plaintiff to admit that she was seeking in excess of $75,000.00 from this Defendant to compensate her for her injuries.

16. On October 12, 2022, the Plaintiff's attorney provided the following the response:

> "Plaintiff objects to this request as it is not related to a fact under the law. **The complaint is quite clear as to the amounts sought by the plaintiff in this litigation. (Emphasis added.)**"  (Plaintiff's response is attached hereto and incorporated herein as Exhibit B.)

17. Although the Plaintiff's attorney initially objects to the Request, he continues to provide an answer to the Request to Admit by answering that "The complaint is quite clear as to the amounts sought by the plaintiff in this litigation."

18. Said answer is clearly a denial to the Request, but this denial was not verified by the Plaintiff.

19. Illinois Supreme Court Rule 216 specifically states in part as follows:

> "Each of the matters of fact and the genuineness of each document of which admission is requested **is admitted unless within 28 days after service thereof, the party to whom the request is directed serves upon the party requesting the admission either (1) a sworn statement denying specifically the matters of which admission is requested** or setting forth in detail the reasons why the party cannot truthfully admit or deny those matters or (2) written objections….. Illinois Supreme Court Rule 216 (c)."

20. As noted above, Plaintiff failed to provide a sworn denial to Defendant's Request within 28 days of being served and therefore said Request is deemed admitted.

21. Based upon this admission, the amount in controversy is in excess of $75,000.00 meeting the jurisdictional requirements of this Court.

22. Further, although Defendant's removal is beyond the initial answer date, Section 1446 (b)(3) provides:

> "Except as provided in subsection (c), if the cases stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order **or other paper** from which it may first be ascertained that the case is one which is or has become removable.  28 Section 1446 (b)(3).  (**Emphasis added**.)"

23. In this case, the "other paper" is Plaintiff's unverified answer to Defendant's Request for Admissions which was not served upon the Defendant until October 12, 2022.

24. Defendant is removing this matter within the required 30 days of being served Plaintiff's unverified answer.

25. Therefore, this District Court of the United States has original jurisdiction of the claims made in Plaintiff's Petition pursuant to 28 U.S.C. §1332 in that: (1) the Plaintiff is a citizen of the State of Illinois; (2) Defendant is not a citizen of the State of Illinois; and (3) the amount in controversy exceeds $75,000.00.

26. Written notice of the filing of this Notice of Removal and a copy of the Notice of Removal are being served upon the Plaintiff as required by law.

27. A copy of the Notice of Filing of Notice of Removal and the Notice of Removal are being filed with the Circuit Court of Jefferson County, State of Illinois as required by law.

28. Defendant DG Retail, LLC further files herein a certified copy of the Jefferson County Court file, Cause No. 2022-LA-29, attached hereto and incorporated herein as Defendant's Exhibit C.

WHEREFORE Defendant DG Retail, LLC prays the Court accept its Notice of Removal, and make and enter such orders as may be necessary to effect the complete removal of this action from the Circuit Court of Jefferson County, Illinois to the United States District Court for the Southern District of Illinois, and that further proceedings be discontinued in the State Court, and all future proceedings be held in this Court, as the laws in such case provide.

Respectfully submitted,

By: /s/ Jeffrey A. Kopis
Jeffrey A. Kopis, #6211025
JEROME, SALMI & KOPIS, LLC
331 Salem Place, Suite 260
Fairview Heights, IL  62208
(618) 726- 2222
(618) 230- 3331 (Fax)
jkopis@jsklawfirm.com
*Attorneys for Defendant DG Retail, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2022, the above document was filed electronically with the Clerk of the Court to be served on all parties receiving notice via the operation of the Court's electronic filing system, and via electronic mail upon the following:

Jeffrey S. Deutschman
Bradley A. Skafish
DEUTSCHMAN & SKAFISH, P.C.
77 West Washington Street – Suite 1525
Chicago, IL 60602
(312) 419-1600
jeff@deutschmanlaw.com
brad@deutschmanlaw.com


/s/ Jeffrey A. Kopis