IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BARBARA PEOPLES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-CV-2468-SMY |
| | ) |
| DG RETAIL, LLC, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Now pending before the Court is Plaintiff Barbara Peoples' Motion to Remand to State Court (Doc. 8). Defendant DG Retail, LLC ("Dollar General") responded in opposition to the motion (Doc. 11), and Plaintiff filed a Reply (Doc. 12). For the following reasons, the motion is **GRANTED**.

## Background

Peoples claims she was injured as a result of a fall occurring on August 27, 2020, at a Dollar General store in Mount Vernon, Illinois (Doc. 1-1). In a Complaint originally filed in the Circuit Court of Jefferson County, Illinois, she asserts negligence against Dollar General and seeks damages not in excess of $50,000.00. *Id.*

Dollar General removed the case on October 24, 2022, asserting subject matter jurisdiction based on diversity of citizenship. 28 U.S.C. §1332(a). Dollar General is both a citizen of the State of Kentucky and the State of Tennessee. *See Copeland v. Penske Logistics, LLC*, 675 F.3d 1040, 1043 (7th Cir. 2012). Peoples is a citizen of the State of Illinois (Docs. 1, 1-1). Thus, geographic diversity exists.

Dollar General alleges in its Notice of Remand that the amount in controversy exceeds $75,000.00 based upon Peoples' Response to Requests to Admit (Doc. 1-2). Peoples argues that complete diversity jurisdiction does not exist because her prayer for relief seeks no more than $50,000.00.

## Discussion

Federal courts have jurisdiction over "all civil actions where the matter in controversy exceeds" $75,000 and the action is between "citizens of different States" or "citizens of a State and citizens or subjects of a foreign state." 28 U.S.C. § 1332(a). To satisfy diversity jurisdiction, a plaintiff must allege that the controversy entails a dispute over more than $75,000, exclusive of interests and costs. 28 U.S.C. § 1332(a). "Unless the law gives a different rule, the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *Id. citing Saint Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938).

In her Complaint, Peoples seeks damages of "a fair and reasonable sum not exceeding ($50,000.00) FIFTY THOUSAND DOLLARS" (Doc. 1-1). However, prior to removal, Dollar General served Peoples with the following Request to Admit: "Admit that the Plaintiff, Barbara Peoples, is seeking in excess of $75,000.00 in damages against this Defendant to compensate her for her claims." (Doc. 11-1). Peoples responded, "Plaintiff objects to this request as it is not related to a fact under the law. The complaint is quite clear as to the amounts sought by the plaintiff in this litigation." *Id.* Dollar General then removed the case, asserting "Plaintiff failed to provide a sworn denial to Defendant's Request within 28 days of being served and therefore said Request is deemed admitted." (Doc. 1 at ¶20).

Illinois Supreme Court Rule 216, which governs Requests to Admit, requires a sworn statement only when a party denies the matters for which admission is requested. See, Ill. Sup. Ct.

R. 216(c); *HSBC Bank USA , Nat'l Ass'n v. Rowe*, 2015 IL App (3d) 140553 ¶27. But written objections do not require a sworn statement by the responding party. *Id. citing Vision Point of Sale, Inc. v. Haas*, 226 Ill.2d 334, 355 (2007). And if a party responds with objections to the requests, the requesting party must raise the issue of the objection in a motion before the trial court to effectuate a resolution. *Id.* at ¶29 *citing La Salle National Bank of Chicago v. Akande*, 235 Ill. App. 3d 53, 67 (2d Dist. 1992); Ill. Sup. Ct. R. 216(c) ("Any objection to a request or to an answer shall be heard by the court upon prompt notice and motion of the party making the request."). Dollar General did not do that. Instead, Dollar General assumed the request was admitted and improperly removed the case to this Court.

The record does not establish that Peoples is seeking damages in excess of $75,000.00. As such, this Court lacks subject matter jurisdiction over this matter, and it will be **REMANDED** back to the Second Judicial Circuit, Jefferson County, Illinois.

## Conclusion

Plaintiff Barbara Peoples' Motion to Remand to State Court (Doc. 8) is **GRANTED**. All pending motions are terminated as **MOOT** and the Clerk of Court is **DIRECTED** to close the case.

**IT IS SO ORDERED.**

DATED: December 1, 2022

---
**STACI M. YANDLE**
**United States District Judge**